# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE EASTERLY,<br><br>  Petitioner,<br><br>  v.<br><br>TRATE,<br><br>  Respondent. | Case No. 1:23-cv-00878-EPG-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 21) |

Petitioner Kyle Easterly is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 15, 16.) As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the Court grants Respondent's motion to dismiss and dismisses the petition.

## I.

## BACKGROUND

On September 21, 2016, Petitioner was convicted in the United States District Court for the Southern District of Illinois of conspiracy to manufacture methamphetamine and possession of prohibited chemicals with intent to manufacture methamphetamine. (ECF No. 21 at 2.[1]) On January 18, 2017, Petitioner was sentenced to an imprisonment term of 235 months. (Id. at 2.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1    Petitioner is currently incarcerated at the United States Penitentiary in Atwater,
2 California. (ECF No. 1 at 1.) In the instant federal petition for writ of habeas corpus, Petitioner
3 asserts that his presentence report added a two-point offense level enhancement for being on
4 probation or parole at the time of the offense, which is incorrect. This resulted in an improper
5 sentencing guidelines range. (Id. at 3.) Petitioner requests that the Court vacate his sentence and
6 remand for resentencing based on the alleged error. (Id. at 11.) On February 9, 2024, Respondent
7 filed a motion to dismiss the petition. (ECF No. 21.) To date, no opposition or statement of non-
8 opposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Jurisdiction Under 28 U.S.C. § 2241

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address the threshold question whether a petition was properly brought under § 2241 or § 2255 in order to determine whether the district court has jurisdiction. Hernandez, 204 F.3d at 865. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The

remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). With respect to the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted).

With respect to the second requirement, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060. To determine whether Petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61).

Here, Petitioner requests the Court to vacate his sentence and remand for resentencing based on an alleged error in his pre-sentence report that purportedly resulted in a higher sentencing guidelines range. (ECF No. 1 at 11.) Specifically, Petitioner argues that his presentence report added a two-point offense level enhancement for being on probation or parole at the time of the offense, but Petitioner was not on probation or parole at the time of the offense. (Id. at 3.) As noted by Respondent, "as a matter of fact in the underlying record, there was no increase in criminal history score for Petitioner being on parole or probation at the time of the underlying SDIL criminal drug trafficking conduct." (ECF No. 21 at 2; see ECF No. 25 at 9–16.)

Additionally, it does not appear that the "legal basis" for Petitioner's sentencing error claim raised in the instant petition "did not arise until after Petitioner exhausted his direct appeal and first § 2255 motion," and there is no indication that "the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61). Petitioner's claim is not based on any change in the law but rather Petitioner's belated discovery of an alleged error in his presentence report. Therefore, Petitioner does not establish that he has not had an unobstructed procedural shot at presenting his claim, and the Court finds that the motion to dismiss should be granted and the petition dismissed.

### B. Certificate of Appealability

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability ("COA") should issue. See Harrison, 519 F.3d at 958 ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

### III.

### ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 21) is GRANTED;

2. The petition for writ of habeas corpus is DISMISSED;

3. The Clerk of Court is DIRECTED to CLOSE the case; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **May 24, 2024**                           /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE